IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANNE E. SCHEURER,

    Plaintiff,

v.                                                        Case No. 15-cv-770

FROMM FAMILY FOODS LLC,

    Respondent.

## COMPLAINT

COMES NOW Plaintiff Anne E. Scheurer, by her attorney, William F. Sulton, Esq., of the law firm of Peterson, Johnson & Murray, S.C., and files this complaint against Defendant Fromm Family Foods LLC.

### INTRODUCTION

1. Plaintiff Anne E. Scheurer brings this action under 42 U.S.C. §§2000e-2 and 2000e-3 against Defendant Fromm Family Foods LLC for unlawful discrimination and harassment based on sex and retaliation for complaining about sex discrimination and sexual harassment.

### JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. §§1331 and 1343(a)(4) and 42 U.S.C. §2000e-5(f)(3).

3. This court has jurisdiction under 42 U.S.C. §2000e-5(f)(1)(A) because Plaintiff Anne E. Scheurer filed this complaint within 90 days of

issuance of the right to sue letter issued by the U.S. Equal Employment Opportunity Commission.

4. Venue in this court is proper under 28 U.S.C. §1391(b).

## THE PARTIES

5. Plaintiff Anne E. Scheurer ("Scheurer") is an adult woman residing in Beaver Dam, Wisconsin.

6. Defendant Fromm Family Foods LLC ("Fromm") is a Wisconsin limited liability company.

7. Fromm's registered agent is Thomas E. Nieman, whose registered address is 13145 North Green Bay Road, Mequon, Wisconsin 53097.

## ALLEGATIONS COMMON TO EACH CLAIM FOR RELIEF

8. Scheurer worked at Fromm as an employee.

9. John Soldner ("Soldner") was Scheurer's supervisor at Fromm.

10. Scheurer and Soldner did not have a romantic relationship.

11. Despite the fact that Scheurer and Soldner did not have a romantic relationship, Solder sent her a text message, on or about September 15, 2014, asking Scheurer to take him out for a drink.

12. Scheurer did not give Soldner her telephone number.

13. Soldner obtained Scheurer's telephone number from her personnel file, which Fromm promised Scheurer would be confidential.

14. Soldner repeatedly looked up and down Scheurer's body in an overtly sexual manner while supervising her at Fromm.

15. Soldner repeatedly made sexually explicit comments to Scheurer while supervising her at Fromm.

16. For example, Soldner told Scheurer—in front of other employees—that she should come to work in a bathing suit.

17. As for another example, on or about September 22, 2014, Soldner made a comment about how Scheurer's shirt made him feel in a sexual way.

18. As for another example, on October 8, 2014, Soldner sent Scheurer the below sexually explicit text message after a work gathering:



19. As for another example, on or about October 9, 2014, Soldner told Scheurer that she was "flame and tail," meaning sexually attractive.

20. As for another example, on or about October 17, 2014, Soldner told Scheurer—in front of other employees—he would not mind if she came into work topless.

21. Scheurer repeatedly told Soldner that his sexually explicit comments were unwelcome and unprofessional.

*Complaint* [3 / 7]

22. Scheurer complained to coworkers, other supervisors and human resources at Fromm.

23. Fromm took no steps to address Soldner's sexual harassment and discrimination.

24. In fact, Fromm fired Scheurer because she complained about Soldner; and because she complained about Fromm's failure to address Soldner's sexual harassment and discrimination.

25. At the time that Fromm hired Soldner as a supervisor, it was aware that Soldner had a history of sexually harassing women in the workplace.

26. At the time that Fromm hired Soldner, it was aware that Soldner had a history of discriminating against women in workplace.

27. Scheurer filed charges of discrimination and relation with the U.S. Equal Employment Opportunity Commission (EEOC) against Fromm.

28. The EEOC issued a right to sue letter to Scheurer pursuant to 42 U.S.C. §2000e-5(f)(1).

### FIRST CLAIM FOR RELIEF: SEXUAL HARASSMENT UNDER 42 U.S.C. §2000e-2(a)(1)

29. Scheurer incorporates here all previous paragraphs.

30. 42 U.S.C. §2000e-2(a)(1) prohibits Fromm from discriminating against Scheurer because she is a woman.

31. Fromm discriminated against Scheurer in violation of 42 U.S.C. §2000e-2(a)(1) by treating her less favorably in the terms, conditions and privileges of employment because Scheurer is a woman.

32. Fromm also discriminated against Scheurer in violation of 42 U.S.C. §2000e-2(a)(1) by paying her less money because she is a woman.

33. Soldner sexually harassed Scheurer in the workplace in violation of 42 U.S.C. §2000e-2(a)(1).

34. As a direct result of Soldner's sexual harassment, Scheurer suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

35. Scheurer seeks relief as hereinafter provided.

### SECOND CLAIM FOR RELIEF: RETALIATION UNDER 42 U.S.C. §2000e-3(a)

36. Scheurer incorporates here all previous paragraphs.

37. 42 U.S.C. §2000e-3(a) prohibits Fromm from discriminating against Scheurer for complaining about sex discrimination and sexual harassment.

38. Fromm discriminated against Scheurer in violation of 42 U.S.C. §2000e-3(a) by treating her less favorably in the terms, conditions and privileges of employment because Scheurer complained about sex discrimination and sexual harassment.

39. Fromm also discriminated against Scheurer in violation of 42 U.S.C. §2000e-3(a) by decreasing her working hours and paying her less

money because she complained about sex discrimination and sexual harassment.

40. Fromm also discriminated against Scheurer in violation of 42 U.S.C. §2000e-3(a) by discharging and refusing to rehire her because Scheurer complained about sex discrimination and sexual harassment.

41. As a direct result of Fromm's retaliation, Scheurer lost wages.

42. As a direct result of Fromm's retaliation, Scheurer suffered future pecuniary losses and emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

43. Scheurer seeks relief as hereinafter provided.

## RELIEF REQUESTED

WHEREFORE, Scheurer respectfully requests that the court enter judgment for her on this complaint against Fromm and provide the following relief:

A. A declaration that Fromm discriminated against Scheurer with malice or with reckless indifference to her federally protected rights in violation of 42 U.S.C. §2000e-2(a)(1).

B. A declaration that Fromm retaliated against Scheurer with malice or with reckless indifference to her federally protected rights in violation of 42 U.S.C. §2000e-3(a).

C. An order and judgment awarding damages to Scheurer for back pay and front pay (plus pre- and post-judgment interest) pursuant to 42 U.S.C. §2000e-5(g).

D. An order and judgment awarding compensatory damages pursuant to 42 U.S.C. §1981a.(b)(3).

E. An order and judgment awarding punitive damages pursuant to 42 U.S.C. §§1981a.(b)(1) and 1981a.(b)(3).

F. An order and judgment awarding attorney's fees, expert fees and costs pursuant to 42 U.S.C. §2000e-5(k).

G. An order and judgment for other legal and equitable relief as determined by the court.

### DEMAND FOR JURY TRIAL

Scheurer hereby requests a trial by a jury pursuant to 42 U.S.C. §1981a.(c)(1).

Dated at the law offices of Peterson, Johnson & Murray, S.C., in Milwaukee, Wisconsin, on this 1st day of December, 2015.

PETERSON, JOHNSON & MURRAY, S.C.
Attorneys for Plaintiff

*/s/ William F. Sulton, Esq.*
William F. Sulton, Esq.
State Bar No. 107600
788 N Jefferson St Ste 500
Milwaukee, WI 53202-3763
Phone: 414-278-8800
Fax: 414-278-0920
Email: wsulton@pjmlaw.com